**Donald AUSTIN, Plaintiff-Appellant,**

v.

**Lawrence BRAMMER and Alex Lambros, Defendants-Appellees.**

No. 76–1782.

United States Court of Appeals, Sixth Circuit.

Submitted April 7, 1977.

Decided and Filed May 20, 1977.

Donald Austin, Lucasville, Ohio, for plaintiff-appellant.

John M. Cronquist, Cronquist, Smith & Marshall, Philip J. Weaver, Jr., Cleveland, Ohio, for defendants-appellees.

Before CELEBREZZE, PECK and ENGEL, Circuit Judges.

PER CURIAM.

Donald Austin appeals from the district court's dismissal of his suit brought under 42 U.S.C. §§ 1983 and 1985. His complaint charged that defendant police officers of the Ashtabula City Police Department violated his civil rights by giving perjurious testimony in a state criminal action, which resulted in his conviction and sentencing on a charge of rape and breaking and entering. Upon motion of the defendants, the district court dismissed plaintiff's complaint with a determination "that the most nearly analogous statute of limitations of the State of Ohio to the factual predicate of plaintiff's complaint is that applying to actions of false arrest and false imprisonment and that the period of limitations thereunder is one year, O.R.C. § 2305.11, and that the within action was not commenced within one year of the date of plaintiff's conviction. . . ." The district court likewise denied plaintiff's motion to vacate and reconsider its earlier judgment upon plaintiff's representation that even if the district court was correct in determining the application of the statute of limitations, that statute was nevertheless tolled because plaintiff was at all times subject to the disability of imprisonment, relying upon O.R.C. § 2305.16 which provides:

> Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, *or imprisoned*, such person may bring it within the respective times limited by such sections, after such disability is removed. When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all.

> After the cause of action accrues, if the person entitled to bring such action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders him of unsound mind, the time during which he is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought. (Emphasis supplied)

While no findings were made by the district court, it would appear that it was persuaded by the arguments of defendants that the tolling statute would not apply to the facts of this case because the disability of imprisonment did not exist at the time of the accrual of the cause of action, but rather only took place after the defendant had been sentenced following his conviction.

■ It is apparent from the plaintiff's pleadings that he claims at all times to have been in custody either in the county jail or in the Ohio correctional system. Since no evidentiary hearing was held, we must accept such averments as true for the purposes of the motion to dismiss. Defendants' claim that "imprisonment" within the meaning of the statute means only confinement in a penitentiary following conviction finds no support that we are aware of in Ohio law. The authorities cited to the district court by defendants, *Carrie v. Robinson*, 13 Ohio 181 (1844), and *Ward v. Racer*, 20 Ohio 250 (1851), are inapposite.

Accordingly, while we agree with the district court that O.R.C. § 2305.11[1] is the most nearly analogous statute of limitations, we conclude that the dismissal of plaintiff's amended complaint on that basis without an evidentiary hearing or appropriate factual finding was inappropriate in the face of the claim that the statute was tolled by O.R.C. § 2305.16.

Reversed and remanded for further proceedings not inconsistent herewith.

---

1. O.R.C. § 2305.11 provides in part:

(A) An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, including an action for malpractice against a physician or a hospital, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued, provided that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, shall be brought within two years after the cause thereof accrued.

If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical malpractice case that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given.