**Larry CARMICLE, Carolyn Carmicle and Larry Carmicle as next friend of David Carmicle, Plaintiffs-Appellants,**

v.

**James WEDDLE, David Coppage, Jean Coppage Doss, Eugene Vaught, Ila Vaught, Jewell Baker, Paul Carter, James C. Carter, Jr., Defendants-Appellees.**

No. 76-1562.

United States Court of Appeals, Sixth Circuit.

Argued April 18, 1977.

Decided and Filed May 20, 1977.

J. James Rogan, Rogan & Hibberd, Danville, Ky., for plaintiffs-appellants.

James C. Jernigan, Thompkinsville, Ky., Burgess L. Doan, Walker & Chatfield, Cincinnati, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge, and ENGEL, Circuit Judge, and RUBIN, District Judge.*

PER CURIAM.

Plaintiffs appeal a judgment of the district court dismissing plaintiffs' civil rights action brought under 42 U.S.C. §§ 1983 and 1985. We agree with the district court that plaintiffs' action is barred by Kentucky's

---

*.The Honorable Carl B. Rubin, Judge, United States District court for the Southern District of Ohio, sitting by designation.

one-year statute of limitations governing actions for malicious prosecution, conspiracy and arrest, as set forth in K.R.S. § 413.-140(1)(c).

The gist of plaintiffs' lengthy complaint is that neighbors of plaintiffs in Liberty, Kentucky, had conspired with certain local officials to falsely charge plaintiffs with maintaining a nuisance in the neighborhood by countenancing the destructive conduct of their children. This essentially backyard dispute culminated in the issuance of an injunction by the Casey County Circuit Court against plaintiffs and allegedly forced the evacuation of plaintiffs' home under threat of further prosecution. Plaintiffs also contend that they were arrested without probable cause and that the Circuit Court was in any event without jurisdiction over the offense charged.

Most of the acts complained of occurred in 1972 and 1973. The last act alleged in the complaint, the dismissal of the nuisance charge, occurred on June 10, 1974. Suit in federal district court was not filed until July 28, 1975.

■ Because neither § 1983 nor § 1985 contains a statute of limitations a "federal district court must apply the statute of limitations of the state where it sits which would be applicable in the most closely analogous state action to determine the time within which the cause of action must be commenced." *Mason v. Owens-Illinois, Inc.*, 517 F.2d 520, 521 (6th Cir. 1975).

Plaintiffs contend that the applicable Kentucky statute of limitations is that provided in K.R.S. § 413.120(2) which states:

The following actions shall be commenced within five years after the cause of action accrued: . . .

(2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability.

This court in *Garner v. Stephens*, 460 F.2d 1144 (6th Cir. 1972), held the above statute to be the correct period of limitation for an action pursuant to § 1983 of the Civil Rights Act where the plaintiff had claimed that the County Board of Education in Russell County, Kentucky had deprived her of her civil rights by requiring her to take a full year's leave of absence on account of her pregnancy.

■ In *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir. 1968), we held that an action pursuant to §§ 1983 and 1985 of the Civil Rights Act that claimed a deprivation of constitutional rights because petitioner was arrested allegedly without probable cause was governed by Michigan's two-year statute of limitations for malicious prosecution and false imprisonment. Similarly, here we find the allegations in plaintiffs' complaint to be most analogous to the Kentucky actions of malicious prosecution and false arrest. The applicable statute of limitations then is K.R.S. § 413.140(1)(c). That section provides:

The following actions shall be commenced within one year after the cause of action accrued: . . . (c) An action for malicious prosecution, conspiracy, arrest,

. . .

Because all of plaintiffs' claims arose more than one year before this action was filed, plaintiffs' cause of action is barred.

Affirmed.