**Cleophus WOODS, Sr., Plaintiff,**

v.

**The CITY OF DAYTON, OHIO, et al., Defendants.**

**No. C–3–80–333.**

United States District Court, S.D. Ohio, W.D.

Feb. 4, 1983.

J. Robert Radabaugh, Lynn M. Kelley, Dayton, Ohio, for plaintiff.

J. Anthony Sawyer, James D. Dennis, Edward C. Utacht, Asst. City Attys., Dayton, Ohio, for defendants.

DECISION AND ENTRY SUSTAINING IN PART, AND NOT RULING UPON IN PART, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; COUNSEL DIRECTED TO FILE FURTHER MEMORANDA UPON SPECIFIED POINT; TRIAL CONTINUED

RICE, District Judge.

Plaintiff filed suit in this Court on August 14, 1980, claiming that Defendants violated his constitutional rights as a result of an altercation with City of Dayton policemen on April 5, 1979. Presently pending before this Court is a motion by Defendants for summary judgment (Doc. # 26). For the reasons set forth below, said motion is sustained in part, and not ruled upon in part. Counsel are directed to file further memoranda on certain topics, after which time the Court will rule on the balance of the pending motion.

I. FACTUAL BACKGROUND

In his complaint, Plaintiff alleged he suffered damages when Defendants violated his rights under the United States Constitu-

tion and the laws of the State of Ohio. The cause of action was said to arise under the Fourth and Fourteenth Amendments to the Constitution, and 42 U.S.C. § 1983,[1] and the jurisdiction of this Court was invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201–2202. Complaint, ¶¶ 1–3. Named as Defendants were the City of Dayton, three Dayton police officers (T.W. Peterson, David Gray, and S.M. Darragh), and one or more "John Does." ¶¶ 6–10.[2]

Plaintiff further alleged that he was the pastor of Philippi Missionary Baptist Church in Dayton, and under "Claim for Relief," alleged the following: on April 5, 1979, while on the way to the grocery, he was stopped by a boy from his church concerning an altercation between children from his church and others; he picked up his son, Mark, and attempted to break up the altercation, and got children from the church into a church van he was driving. ¶ 12–13. Thereafter, the police officer defendants arrived on the scene, where they "illegally, knowingly and intentionally, and without the consent of plaintiff, entered plaintiff's van by force." ¶ 13. Moreover, said defendants "intentionally, maliciously, and without warning assaulted plaintiff and man-handled him by use of their night sticks and physical force," ¶ 16, despite plaintiff having told the officers "that he was minister and was attempting to stop

and resolve the altercation." ¶ 17. Plaintiff requested numerous damages "as a result of the assault." ¶¶ 19–21.

After various pretrial proceedings and discovery had been conducted, the remaining Defendants, *see*, footnote 2, *supra*, moved for summary judgment, primarily on statute of limitations grounds.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS SUSTAINED IN PART AND NOT RULED UPON IN PART

Under Fed.R.Civ.P. 56, Defendants' motion for summary judgment can only be sustained when the movants conclusively demonstrate, based on the pleadings, affidavits, and other material on record, that there exists no genuine issue of material fact, all evidence and inferences drawn therefrom having been construed in the light most favorable to the party opposing the motion. Fed.R.Civ.P. 56(c); *Board of Education v. Pico*, 457 U.S. 853, 102 S.Ct. 2799, 2806, 73 L.Ed.2d 435 (1982); *Atlas Concrete Pipe, Inc. v. Au & Son, Inc.*, 668 F.2d 905, 908 (6th Cir.1982).

### A. Propriety of Raising Statute of Limitations Defense

■ The major thrust of Defendants' motion for summary judgment presents a question of law, that is, whether Plaintiff's

---

**1.** Section 1983 provides, in pertinent part, that:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**2.** On October 19, 1982, this Court dismissed the John Doe defendants (Doc. # 28), and earlier dismissed the City of Dayton as a defendant (Doc. # 10). The latter decision was based on Plaintiff's failure to demonstrate that the alleged invasion of federal constitutional rights was due to the maintenance of a custom, policy, or course of practice by the city, *Monell v. New York City Dep't of Social Services*, 436 U.S. 658,

98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and because the doctrine of sovereign immunity foreclosed any liability under state law. Recently, the Ohio Supreme Court appeared to render the second rationale obsolete, when it abrogated said doctrine in *Haverlack v. Portage Homes, Inc.*, 2 Ohio St.3d 26, 442 N.E.2d 749 (1982). Assuming the *Haverlack* decision should be applied retroactively, *see, Peerless Electric Co. v. Bowers*, 164 Ohio St. 209, 129 N.E.2d 467 (1955), *appeal dismissed*, 352 U.S. 804, 77 S.Ct. 30, 1 L.Ed.2d 38 (1956); 23 O.Jur.3d *Courts and Judges* § 525 (1980), the city may be liable for a tort of trespass under state law. If the federal constitutional trespass claim survives the Court's ultimate ruling on the summary judgment motion, and if the Court exercises its pendent jurisdiction to hear the state trespass claim, it may be necessary to reconsider (in part) the earlier dismissal of the city as a defendant (in order to bring the city in under pendent party jurisdiction).

action is barred by the applicable statute of limitations. While Plaintiff disputes Defendants' selection of the applicable statute of limitation, he initially contends that Defendants have waived the raising of such a defense. Defendants did not plead such a defense in their answer, Doc. # 3, as is required by Fed.R.Civ.P. 8(c), although they did raise same in a motion to dismiss (Doc. # 21), which was not ruled upon by the Court, upon the ground that same was moot. (Doc. # 28) This motion was filed over two years after the complaint was filed. The statute of limitations defense was raised by the Defendants in their current motion for summary judgment, filed on October 1, 1982.

Despite this delay, the Court will permit Defendants to raise the defense of a statute of limitations. At the outset, the Court notes that by ordering (Doc. # 28) the Defendants to file an amended answer raising the statute of limitations defense, the Court did not mean to infer or to imply that the City would be immunized against a claim of waiver of that defense. Nor did the Court mean to imply that it had concluded that such a defense could be raised at this late date. In so acting, the Court simply was perfecting the record by having the answer desired by the Defendants on file, the Court being able to strike the part raising the defense if it later felt the same had been untimely asserted.

■ At any rate, the Court holds that the Defendants, although raising the statute of limitations defense in tardy fashion, have not waived the protection of said defense. The Sixth Circuit has held that this defense is not waived, even though not specifically pleaded, where the defense clearly appears on the face of the pleading and is raised in a motion to dismiss. This rule holds so long as the plaintiff does not forego other avenues of relief in reliance on Defendants' failure to raise the defense, or suffered litigation expenses sufficient to warrant preclusion of the defense in a pretrial motion. *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir.1981) (per curiam). *See also, Lawson v. Truck Drivers*

*Local Union 100,* 698 F.2d 250 at 255–256 (6th Cir.1983). For example, in the *Pierce* case, the Court permitted the defense to be raised, for the first time, on the morning before trial, some three and one-half years following the filing of the initial complaint. In *Estes v. Kentucky Utilities Co.,* 636 F.2d 1131 (6th Cir.1980), the Court held that the District Court did not err in allowing Defendant, 41 months after its original answer was filed, to amend its answer to assert an affirmative defense.

This decision lies within the sound discretion of the Court, and is reversible only upon an abuse of discretion. *Id.* at 1133. Delay alone, according to the *Estes* case, is insufficient reason to deny a motion to amend the pleadings. Rather, critical factors are notice and substantial prejudice to the party against whom the defense is offered. The scope of the District Court's discretion in this area is broad, and in the proper case, conditions may be imposed upon parties seeking an amendment to the pleadings. For example, costs of preparing for litigation could be imposed on the party who asserts a valid, but untimely, dispositive affirmative defense. *Id.* at 1134.

In this case, the Court will permit the amended answer by Defendants to stand, since the defense of a statute of limitation does arguably appear on the face of the pleading, and Defendants raised same by motion some 17 days before the initially scheduled trial date of October 18, 1982 (Doc. # 12). Nor is there any indication that Plaintiff failed to pursue other avenues of relief when the defense was not timely raised, or is otherwise unduly prejudiced. As outlined below, the Court finds said defense to be dispositive on certain portions of Plaintiff's complaint; assuming the balance of his claims are dismissed, as well, the Court will then entertain a request by Plaintiff's counsel to assess litigation costs against Defendants.

**B.** *Applying the Statute of Limitations Defense*

■ While Defendants argue that the complaint sounds in assault, or some varia-

tion thereof, Plaintiff argues (Doc. # 30), and a careful reading of the complaint confirms, that *two* federal claims and, arguably, two state law claims are set out. First, there is a federal claim for assault or the use of excessive force by police officers. Such claims are cognizable under § 1983. *See, Tefft v. Seward,* 689 F.2d 637, 639 n. 2 (6th Cir.1982); *Bruner v. Dunaway,* 684 F.2d 422 (6th Cir.1982) (per curiam), *cert. denied,* — U.S. —, 103 S.Ct. 816, 74 L.Ed.2d 1014 (1983); *Melson v. Kroger Co.,* 550 F.Supp. 1100, 1105 (S.D.Ohio 1982). Coupled with this federal claim would appear to be an assault claim under state tort law.[3] Second, there is a federal claim for "entering the van by force," presumably meant to be a search violative of the Fourth Amendment. Such claims are also cognizable under § 1983, *e.g., Dunn v. Tennessee,* 697 F.2d 121 (6th Cir.1982); *Smith v. Heath,* 691 F.2d 220 (6th Cir.1982); *Melson v. Kroger, supra,* 550 F.Supp. at 1004, or directly under the Fourth Amendment, *e.g., Jones v. City of Memphis,* 586 F.2d 622 (6th Cir.1978), *cert. denied,* 440 U.S. 914, 99 S.Ct. 1230, 59 L.Ed.2d 464 (1979); *Smith v. Jordan,* 527 F.Supp. 167 (S.D.Ohio 1981). It is not clear which avenue Plaintiff is relying on. Coupled with this claim would appear to be a claim for trespass under state tort law.

■ Defendants argue that all these claims are barred by the statute of limitations, since Plaintiff brought this action over 16 months after the April 5, 1979, incident. There is no question that the state law claim for assault is time-barred, since Ohio law expressly states that such claims must be brought within one year. Ohio Rev.Code § 2305.11(A). With regard to the § 1983 actions, this Court must apply the "most closely analogous" state statute of limitation. *Board of Regents v. Tomanio,* 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980); *Kilgore v. City of Mansfield,* 679 F.2d 632 (6th Cir. 1982) (per curiam); *Sell v. Price,* 527

F.Supp. 114, 116 (S.D.Ohio 1981). *See also, Dunn v. Tennessee, supra,* 697 F.2d at 126.

■ The § 1983 claims, Plaintiff argues (Doc. # 30, p. 2) should be governed by Ohio Rev.Code § 2305.09(D), the "catch-all" provision setting out a four-year statute for causes of action not expressly enumerated in other sections of the Revised Code. In contrast, Defendants assert that the Court should apply the one-year statute, Ohio Rev.Code § 2305.11(A), to the § 1983 claims, since same are grounded primarily on an assault claim.

■ The Court finds that the "most closely analogous" state statute for the § 1983 assault/excessive force claim is the one year statute for assault, Ohio Rev.Code § 2305.11(A). Accordingly, that claim is time-barred. However, the appropriate statute for the § 1983 trespass/Fourth Amendment claim is either the four-year statute for trespass on real property, Ohio Rev.Code § 2305.09(A), or the four-year "catch-all" provision, § 2305.09(D). Thus, that claim is *not* time-barred; nor, for the same reasons, is the trespass claim under state law time-barred.

■ While the Court fully adheres to these conclusions, it is prudent to admit that the questions are not as easily answered as might seem at first blush, and contra arguments deserve some treatment. Courts and commentators have observed that the Sixth Circuit has arguably been inconsistent and erratic in applying the most "appropriate" state statute of limitations in federal civil rights cases. *See, Schorle v. City of Greenhills,* 524 F.Supp. 821, 825 (S.D.Ohio 1981) (Spiegel, J.); Special Project, *Time Bars in Specialized Federal Common Law: Federal Rights of Action and State Statutes of Limitations,* 65 Cornell L.Rev. 1011, 1074 (1980). For example, in *Mason v. Owens-Illinois, Inc.,* 517 F.2d 520 (6th Cir.1975), the Court, emphasizing that 42 U.S.C. § 1981 created a

---

**3.** While Plaintiff does not refer to the doctrine of pendent jurisdiction in his jurisdictional statement in the complaint, *United Mine Work-* *ers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court will assume that Plaintiff meant to invoke same.

cause of action "unknown at common law," applied Ohio Rev.Code § 2305.07, rather than Ohio Rev.Code § 4112.05(B), to a claim of employment discrimination brought under § 1981. The latter section applied a two-year statute for actions brought under Ohio civil rights laws, rather than the six-year period of § 2305.07 (applying a six-year statute for actions based "upon a liability created by statute"). On the other hand, the Sixth Circuit's most recent pronouncement in *Kilgore, supra,* reiterated, without elaboration, the "most closely analogous" state statute test, and applied Ohio Rev.Code § 2305.11 to a § 1983 claim for false arrest, rather than § 2305.07. *See also, Schorle, supra,* 524 F.Supp. at 823–24 (discussing cases). In short, the Sixth Circuit has at times emphasized the uniqueness of a cause of action under the federal civil rights laws, while at other times strictly analogizing federal suits to common law torts, and applying the appropriate state statute of limitations to those actions.

Confronting these apparent inconsistencies, Judge S. Arthur Spiegel in this District, as this Court recently noted, *Nash v. City of Oakwood,* 94 F.R.D. 83, 86–87 n. 2 (S.D.Ohio 1982), applied Ohio Rev.Code § 2305.09 to a § 1983 action for false arrest and other unconstitutional conduct by certain city officials and a state judge. *See, Schorle, supra.* Judge Spiegel emphasized that a § 1983 action will often bear only a "superficial resemblance to a common law tort," given the broad remedial purpose of § 1983 actions and the factual allegations necessary to state a cause of action thereunder. 524 F.Supp. at 825. Citing authority from other circuits, and noting that the facts in *Schorle* were "much broader than those giving rise to the simple common law torts," *id.* at 826, Judge Spiegel, as noted above, applied the four-year statute in § 2305.09, rather than the one-year statute found in § 2305.11. *Id.* at 827. As a corollary, Judge Spiegel pointed out that the alleged unconstitution-

al acts were a "continuum of incidents inextricably entwined," and that he would not "break plaintiff's complaint down into isolated incidents," and apply a different statute of limitation to each "separate" tort. *Id.* at 826. Plaintiff herein would appear to agree with these arguments. Doc. # 20, p. 2.

While Judge Spiegel's arguments are sound as a matter of policy and practicality, this Court must conclude that they do not reflect, in their entirety, the controlling law in this Circuit. First, Judge Spiegel is implicitly, if not explicitly, arguing for the use of a uniform statute of limitation in most, if not all, § 1983 actions. In response to similar sentiments expressed by Judge William O. Bertlesman in *Hines v. Board of Education,* 492 F.Supp. 469, 472 (E.D.Ky.1980), the Sixth Circuit, in affirming Judge Bertlesman's decision, nevertheless stated that it could not apply or adopt a uniform statute of limitations in § 1983 actions, since neither Congress nor the U.S. Supreme Court has provided for same. 667 F.2d 564, 564–65 n. 1 (6th Cir.1982) (per curiam). Likewise, commentators have advocated the adoption of a uniform rule (such as the state statute of limitation for actions arising under a statute), while acknowledging that most courts, including the Sixth Circuit, have not followed this suggestion. *See,* 1 C. Antieau, *Federal Civil Rights Acts,* § 241 at 411 (2d ed. 1980); Special Project, *supra,* at 1068–69.[4]

Second, once a uniformity approach is (however reluctantly) rejected, it would seem to follow that separate allegations in a complaint *can* be separated or fragmented, and a different statute of limitations applied to each. *See, Green v. Ten Eyck,* 572 F.2d 1233, 1238 (8th Cir.1978); *Myers v. Pennyrack Woods Home Ownership Ass'n,* 559 F.2d 894, 901 (3rd Cir.1977). *Cf. Walden v. Rhode Island,* 576 F.2d 945, 947 n. 6 (1st Cir.1978); 1 C. Antieau, *supra,* § 241 at 410; Special Project, *supra,* at 1068 n. 252 (recognizing that "fragmenta-

**4.** In fairness to Judge Spiegel, it should be noted that he rendered his *Schorle* decision before the Sixth Circuit decided the *Hines* and *Kilgore* cases which, this Court argues, reject the "uniformity" approach apparently presented in *Schorle.*

tion" of complaint is majority rule but frowning on use of same). Moreover, the separation of allegations in a complaint is consistent with Sixth Circuit case law. In *Crawford v. Zeitler*, 326 F.2d 119 (6th Cir. 1964), the Court was confronted with a complaint alleging that police officers had subjected the plaintiff to false arrest and imprisonment, and to an alleged illegal search and seizure (allegations not unlike those in the within matter). The Court held that "to the extent the allegations of the complaint charge" false arrest and imprisonment, the action was barred by the Ohio Rev.Code § 2305.11 (providing a one-year statute for those torts). *Id.* at 121. However, since the other allegations were "broader than the tort[s] described" in that provision, the catch-all statute, § 2305.09, should be applied. *Id. See also, Coffy v. Multi-County Narcotics Bureau*, 600 F.2d 570, 581 n. 12 (6th Cir.1979) (citing *Crawford* with approval on the discussed point).

To summarize, this review of relevant case law confirms this Court's decision to "separate" the allegations in Plaintiff's complaint into an assault and a trespass claim. Once separated, different state statutes of limitation may be applied to the assault and trespass claims, with only the former being time-barred.

#### C. *Resolving the Federal and State Trespass Claims*

■ As previously noted, the complaint herein, in addition to an assault/excessive force claim, also sets out a trespass/Fourth Amendment violation claim. In the context of a § 1983 action, the alleged Fourth Amendment violation must be considered in light of case law interpreting that Amendment (much of it in the criminal law field), to determine whether Plaintiff has standing to raise such an allegation, and whether the warrantless "search" of the van was "reasonable" under all the circumstances. *See, Dunn v. Tennessee, supra*, 697 F.2d at 126; *Smith v. Heath, supra*, 691 F.2d at 223–24; *Melson v. Kroger Co., supra*, 550 F.Supp. at 1104.

■ Relying on Plaintiff's deposition (filed with the Court), and on an affidavit filed by Defendant Peterson (attached to Doc. # 31), Defendants argue that Plaintiff has no standing to raise the claim of Fourth Amendment violation (since he did not own the van), and that, in any event, the entering of the van was "reasonable" under that Amendment, as activities incident to an arrest. However, these arguments and supporting Fed.R.Civ.P. 56 materials are first advanced in Defendants' reply memorandum, Doc. # 31 (also captioned "Supplement to Motion for Summary Judgment"). Plaintiff has simply not had an opportunity to respond to these arguments, or file or refer to his own Rule 56 materials in opposition thereto.

Accordingly, the motion for summary judgment on the trespass claim is not ripe for decision. Plaintiff will have until Monday, February 14, 1983, to file a further memorandum on the trespass issue, along with any Rule 56 materials contra those submitted by Defendants. Defendants will have seven days after Plaintiff's memorandum is filed to submit a (further) reply memorandum. Once said memoranda are filed, the Court will rule on the balance of the pending motion for summary judgment.

### III. CONCLUSION

To summarize, Defendants are permitted to assert the statute of limitations defense. Based on that defense, Plaintiff's "assault" claim is time-barred, but his "trespass" claim is not. Defendants' pending motion, with respect to the latter claim, will be ruled upon once further memoranda are filed. If the balance of said motion is sustained, the Court will entertain a request by Plaintiff's counsel for the assessment of certain litigation costs against Defendant, for having raised the statute of limitations defense in a tardy manner.

The trial upon the merits, set for February 7, 1982, is continued by this Court, pending this Court's decision upon the remainder of the Defendants' pending motion for summary judgment. If, following that

decision, the case remains viable, a new trial date will be set.

## ON MOTION FOR SUMMARY JUDGMENT

In this lawsuit, Plaintiff alleged that City of Dayton policemen violated his constitutional rights during an altercation on April 5, 1979. By previous entry of February 4, 1983 (Doc. # 32), this Court:

1. permitted Defendants to raise, in untimely fashion, a statute of limitations defense, subject to litigation costs being assessed against Defendants should the defense prove dispositive of the lawsuit;

2. construed the complaint as raising two federal claims under 42 U.S.C. § 1983 (for assault/use of excessive force, and for an unlawful search of Plaintiff's van), and two state tort claims (for assault and trespass);

3. dismissed the federal and state assault claims on statute of limitations grounds; and

4. requested counsel to further supplement the record with regard to the remaining federal (unlawful search) and state (trespass) claims.

Counsel have now further supplemented the record by memoranda (Docs. # 34 & 37), and the balance of Defendants' pending motion for summary judgment (Doc. # 26) is ripe for decision.

For the reasons set forth below, the Court sustains the balance of said motion with regard to the remaining federal claim, dismisses the remaining state claim, and grants Plaintiff's counsel the opportunity to request that certain litigation costs be assessed against the Defendants.

As the Court noted in its previous entry, slip op. at 7, 13, a claim that police conducted a search or seizure violative of the Fourth Amendment is cognizable under § 1983. The Court must apply to the record case law interpreting that amendment (much of it in the criminal field), to determine whether Plaintiff has standing to

raise the claim, and whether the warrantless "search" of Plaintiff's van was "reasonable" under all the circumstances.

It is doubtful that either inquiry can be answered in Plaintiff's favor. To raise a Fourth Amendment claim, a party must show that a "reasonable expectation of privacy" has been invaded by Government action. *United States v. Knotts,* —— U.S. ——, ——, —— ——, 103 S.Ct. 1081, 1084–1085, 1086, 75 L.Ed.2d 55 (1983); *Rakas v. Illinois,* 439 U.S. 128, 143–44, 99 S.Ct. 421, 430–431, 58 L.Ed.2d 387 (1978). This inquiry has both a subjective (did the party have an actual expectation of privacy) and objective (would society recognize that expectation as reasonable) component. *United States v. Knotts, supra.* Here, the van which Plaintiff drove to the site of the April 5, 1979, incident was in his church's name, Deposition of Cleophus Woods, Sr., at p. 52, but he had bought the van, and had full use of same as pastor of the church. *Id.* at pp. 69, 71, 77. Plaintiff drove to the aforementioned site, at least in part, to protect several younger members of his church from a developing fracas among gangs. At the time the police entered the van, several children had been placed there by Plaintiff. *Id.* at 115. Based on these facts, Plaintiff *may* have had some legitimate expectation of privacy in the van, taken alone. However, when placed in the context of the April 5, 1979, incident, both subjective and objective expectations of privacy considerably diminish, given that Plaintiff (1) drove the van to the site, (2) parked it on a public street, (3) placed children in the van, (4) had children (including his son, Mark Woods) in the van when the police entered same, and (5) was not in the van when the police entered. Such facts suggest a lack of Fourth Amendment standing under the applicable tests.

However, even assuming, arguendo, that Plaintiff has standing to raise an alleged invasion of his Fourth Amendment

rights, the record indicates that no such invasion took place. As the Court observed in its earlier entry, slip op. at 13, a warrantless "search" of the van, as occurred herein, is lawful if it was "reasonable" under all the circumstances. Defendants argue that the search and entering of Plaintiff's van was incident to the arrest of Mark Woods, and thus "reasonable" under applicable case law. *See, e.g., Smith v. Heath,* 691 F.2d 220, 224 (6th Cir.1982). In four affidavits (of Plaintiff, his son, and two other persons at the scene), attached to Doc. # 34, Plaintiff contends that police entered the van *before* Mark Woods was placed under arrest, or notified that he was being placed under arrest. The affidavit of Officer Peterson (attached to Doc. # 31) disputes that contention: he avers that he was attempting to "interview" Mark Woods, now in the van. When he "informed" Woods that he was under arrest for disorderly conduct, Woods struck him in the face, whereupon Peterson and others entered the van to effect the arrest. However, the dispute over *when* Mark Woods was told that he was being arrested is not a genuine issue of material fact. Significantly, Plaintiff's affidavits do not dispute Peterson's *other* averments, including the statements that Mark Woods was disorderly. Given the factual circumstances outlined in the record, the Court holds that the police action in entering the van was reasonable, as events incident to an arrest, whether or not Mark Woods was told he was being arrested before, during, or after the entering of the van. Accordingly, the Court finds that Defendants' motion for summary judgment on the Fourth Amendment claim must be, and hereby is, sustained.[1]

This leaves to be resolved the state law claim, sounding in the tort of trespass. This Court's pendent jurisdiction (see earlier entry, at 694 n. 3) was invoked with regard to this remaining state claim. Under the doctrine of pendent jurisdiction, the Court has the *power* to hear state law claims in one judicial proceeding. However, the Court has the *discretion* to decline to exercise that power, in situations where all federal claims have been dismissed before trial. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–1139, 16 L.Ed.2d 218 (1966); *J.P. v. DeSanti,* 653 F.2d 1080, 1086 (6th Cir.1981). In such circumstances, "the state claim may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs, supra,* 383 U.S. at 726–27, 86 S.Ct. at 1139.

With the dismissal of Plaintiff's federal claims, in their entirety, such circumstances obtain herein. As the Court noted in its previous entry, at 694–695, 696, the state trespass claim is not time barred, as of the filing of this entry, since the four-year statute of limitation for that claim would not run until April 5, 1983. Thus, dismissal of the state law claim will not prejudice Plaintiff. *See, Pharo v. Smith,* 625 F.2d 1226, 1227 (5th Cir.1980) (per curiam) ("That a plaintiff's state law claims will be time-barred if dismissed is certainly a factor, if not a determinative factor, a district court should consider in deciding whether to maintain jurisdiction over pendent state claims once the federal claims have been resolved.") For these reasons, the state law claim of trespass is dismissed. Counsel for the Plaintiff is once again reminded that the statute of limitations on the state law claim will ex-

---

**1.** In reaching its decision, the Court notes that it did *not* consider evidence, proffered by Defendants, regarding the conviction of Mark Woods for disorderly conduct and resisting arrest, in the Dayton Municipal Court. *See,* attachments to Docs. # 37 & 31. While such evidence might be considered Fed.R.Civ.P. 56 material, the crimes referred to are not federally defined felonies, *i.e.,* crimes "punishable by death or imprisonment in excess of one year," and thus are not

admissible under Fed.R.Evid. 803(22). *See generally, McKinney v. Galvin,* 701 F.2d 584 at 586 n. 5 (6th Cir.1983). The crime of disorderly conduct, Ohio Rev.Code Ann. § 2917.11 (Page 1982), is punishable to a maximum of thirty days, Ohio Rev.Code Ann. § 2929.21 (Page 1982), while the crime of resisting arrest, Ohio Rev.Code Ann. § 2921.33 (Page 1982), is punishable to a maximum of ninety days, Ohio Rev. Code Ann. § 2929.21 (Page 1982).

pire on April 5, 1983, some three weeks hence.

As the Court earlier discussed, at 693–694, Defendants' assertion of the untimely affirmative defense of the statute of limitations, effectively disposed of the major part of this lawsuit.[2] Accordingly, the Court finds it proper to permit Plaintiff's counsel to seek to assess costs against Defendant, for the costs of preparing for trial, which was scheduled to commence on February 7, 1982.

In summary, Defendant's motion for summary judgment is sustained on the federal trespass claim. Judgment is to be entered for Defendants on that claim. The state trespass claim is dismissed.

Plaintiff's counsel is given twenty (20) days from date of receipt of this entry to file a request for the assessing of litigation costs against Defendants. Any such costs should be set forth by way of affidavit. Defendants are given seven (7) days after receipt of Plaintiff's request to respond to same.

Failure of Plaintiff's counsel to file such a request, within the indicated time, will indicate to the Court that Plaintiff does not wish to seek an assessment of costs and such inaction will, therefore, result in the captioned cause being terminated upon the docket records of this Court.

---

**2.** The Court is aware that the *entirety* of this case was not disposed of on statute of limitations grounds. However, it is fair to say that the *substantial* portion of the case was terminated on those grounds. Clearly, the main thrust of Plaintiff's case was the assault/excessive force claim. Indeed, the trespass claims were not even listed by Plaintiff in his "claims" listed in the Final Pretrial Order. Arguably, by not listing the trespass claims in the Order, Plaintiff abandoned reliance on same for purposes of the trial. Fed.R.Civ.P. 16; *McKinney v. Gibson, supra,* note 1, 701 F.2d at 586 n. 3.