14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Frankie FULLER, Plaintiff-Appellant,
v.
Albert RIVERA, et al., Defendants-Appellees.
 No. 93-3514.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1993.
 
 Before BOGGS and NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Frankie Fuller, a pro se Ohio prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to multiple civil rights statutes and RICO. In addition, Fuller raised state tort claims of assault and battery. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and monetary relief, Fuller sued the Lorain (Ohio) Police Department, the City of Lorain, and two Lorain police officers, alleging that on February 27, 1989, the defendant police officers assaulted him. He also claimed that all the defendants conspired to violate his constitutional rights. Fuller filed his complaint on September 12, 1991. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint finding that the complaint was barred by the applicable statute of limitations.
 
 
 3
 In his timely appeal, Fuller contends that the district court erroneously concluded that the cause of action accrued on February 27, 1989, and erroneously concluded that the City of Lorain did not have a policy or custom to deprive him of his constitutional rights.
 
 
 4
 This court renders de novo review of an order dismissing a complaint under Fed.R.Civ.P. 12(b)(6). Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 5
 Upon de novo review, we concluded that Fuller's cause of action accrued on February 27, 1989. See Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir.1991); Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir.1991); Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir.1989). As a result, the complaint is barred by Ohio's applicable two-year statute of limitations. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc). Furthermore, because Fuller was not incarcerated at the time the alleged assault occurred, the statute of limitations was not tolled. Ohio Rev.Code Sec. 2305.16; Austin v. Brammer, 555 F.2d 142, 143 (6th Cir.1977) (per curiam). Because the complaint is barred by the applicable statute of limitations, Fuller's remaining arguments are without merit.
 
 
 6
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.