Carolyn S. **KILGORE, Plaintiff-Appellant,**

v.

**CITY OF MANSFIELD, OHIO; Patrolman P. Messer, Defendants-Appellees.**

No. 81–3201.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs April 22, 1982.

Decided June 3, 1982.

Rehearing and Rehearing En Banc Denied Aug. 16, 1982.

Paul Mancino, Jr., Mancino, Mancino & Mancino, Cleveland, Ohio, for plaintiff-appellant.

D. Kim Murray, Mansfield, Ohio, for defendants-appellees.

Before ENGEL and BROWN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

Plaintiff Carolyn Kilgore is appealing from an adverse judgment in her action seeking monetary damages against the City of Mansfield, Ohio and Mansfield policeman P. Messer for the violation of her constitutional rights arising out of an incident which occurred on June 4, 1978. Kilgore claims the defendants were acting under color of state law and sued under 42 U.S.C. § 1983.

The complaint alleges that on June 4, 1978, Kilgore, while working at a Mansfield tavern, was arrested by Officer Messer, handcuffed, and taken to the Mansfield Police Station. Kilgore alleges that at the police station Officer Messer "stated that he did not know what he would charge the plaintiff with" and that she refused to sign a waiver of claim against the defendants and was then jailed. The complaint further alleges that a criminal charge was filed against the plaintiff but was later dismissed. Finally, Kilgore alleged that Officer Messer acted in furtherance of the policies and customs of the City of Mansfield and its police department in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments.

The defendants jointly filed a motion to dismiss, contending that Kilgore's complaint set forth an action for malicious prosecution and false imprisonment and that therefore Ohio's one year statute of limitations for malicious prosecution and false imprisonment barred the action. Ohio Rev. Code § 2305.11. Kilgore argued instead that the four year limitations statute (Ohio Rev. Code § 2305.09(D)) applied. The district court, however, agreed with the defendants and on November 24, 1980 held that Kilgore's action was time barred. Kilgore then moved for a rehearing or reconsideration, arguing that the six year limit found in Ohio Rev. Code § 2305.07 applied. The district court rejected Kilgore's argument on March 4, 1981 and again held that the one year limitation period found in Ohio Rev. Code § 2305.11 applied to bar the action. We find the reasoning of the district court persuasive and affirm.

There is no federal statute of limitations governing actions brought pursuant to § 1983. Hence, the district court must apply the limitations statute of the state where it sits "which would be applicable in the most closely analogous state ac-

tion...." *Mason v. Owens-Illinois, Inc.,* 517 F.2d 520, 521 (6th Cir. 1975).

The defendants contend that Ohio Rev. Code § 2305.11 is the applicable state limitations statute. Section 2305.11 reads in pertinent part:

An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice ... shall be brought within one year after the cause thereof accrued....

Kilgore, on the other hand, argues on appeal that the court should apply Ohio Rev. Code § 2305.07, which reads in pertinent part as follows:

Except as provided in section 1302.98 of the Revised Code, an action ... upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.

The district court, in its March 4, 1981 opinion, rejected Kilgore's argument based on Ohio Rev. Code § 2305.07 as overlooking the fact that "[o]n its face, section 2305.11 provides 'the most closely analogous' limitations for the factual predicate of plaintiff's complaint" since it "explicitly identifies claims for malicious prosecution and false imprisonment as subject to a one-year period of limitation."

We agree with the district court that Ohio Rev. Code § 2305.11 is the applicable statute of limitations governing the plaintiff's § 1983 action. *See Austin v. Brammer,* 555 F.2d 142 (6th Cir. 1977); *Carmicle v. Weddle,* 555 F.2d 554 (6th Cir. 1977); and *Crawford v. Zeitler,* 326 F.2d 119 (6th Cir. 1964). Because Kilgore's complaint was filed well beyond the one year period of limitation set forth in Ohio Rev. Code § 2305.11, her action is barred.

The judgment of the district court is AFFIRMED.