James GRANET, Plaintiff,

v.

WALLICH LUMBER, a Michigan corporation, Teamsters Local Union No. 458, a voluntary association, and Guardian Guard Services, d/b/a Dawn Patrol, a Michigan corporation, Defendants.

No. 82–40482.

United States District Court,
E.D. Michigan, S.D.

April 26, 1983.

Alan L. Kaufman, Southfield, Mich., for plaintiff.

Ted Cwiek, Hoffa, Chodak & Robiner, Detroit, Mich., for defendant Teamsters Local 458.

Arthur G. Behm, Plunkett, Cooney, Rutt, Watters, Stanczk & Pedersen, P.C., Detroit, Mich., for defendant Guardian.

Michael M. Hathaway, Detroit, Mich., for defendant Wallich Lumber.

## MEMORANDUM OPINION AND ORDER

### I FACTS

NEWBLATT, District Judge.

This action is brought by James Granet against the following three defendants: Wallich Lumber; Teamsters Local 458; and Guardian Protective Services.[1] Plaintiff alleges that after completing work on the night of November 21, 1979, he was detained at gunpoint by two security guards employed by defendant Guardian Protective Services. Plaintiff alleges that the security guards then coerced him into accompanying them to a Detroit Police Department police station.

Plaintiff was discharged by defendant Wallich Lumber following this incident. Plaintiff filed a grievance protesting his discharge, but the discharge was upheld by an arbitrator.

The complaint indicates that plaintiff was eventually charged with larceny in connection with the November 21, 1979 incident. According to the complaint, plaintiff was acquitted of this charge by a jury.

Plaintiff alleges that defendant Wallich breached the collective bargaining agreement by discharging him and that defendant Local 458 breached its duty of fair representation by gross negligence in processing plaintiff's grievance. Plaintiff has thus asserted Taft Hartley section 301[2] claims against the company and union.

Plaintiff has also advanced a section 1983 count wherein he alleges that defendant Guardian subjected plaintiff to an unconstitutional false arrest and false imprisonment in detaining him on November 21, 1979. In the same count, plaintiff alleges that subsequent to the arrest, defendants Wallich Lumber and Guardian have defamed plaintiff by publishing and circulating the story that plaintiff stole goods from defendant Wallich.

Under modern civil procedure, plaintiff may well be correct in including the false imprisonment and the defamation claims in the same count. The time events are close enough in space and time to be considered as part of the same claim.[3] In this opinion, therefore, the court will refer to the "false imprisonment portion of the section 1983 claim" and "defamation portion of the section 1983 claim."

Pending in this case is a motion to dismiss filed by defendant Guardian. This motion is, of course, addressed to plaintiff's section 1983 claim. The Court has concluded that defendant Guardian's motion must be granted and also that it is appropriate to dismiss *sua sponte* the section 1983 claim against defendant Wallich Lumber. Indeed, the Court finds that dismissal of the section 1983 claim is mandated by no less than three separate theories. Thus, this opinion will result in the dismissal of defendant Guardian from this case and dismissal of the section 1983 claim against defendant Wallich Lumber.

### II LEGAL ANALYSIS

First consideration will go to the issue of whether the section 1983 claim is time barred. In its motion, defendant Guardian points out that under the Michigan false imprisonment and defamation statutes of limitations, this case would be time barred and these statutes are applicable to this case.

The section 301 claim against the union is based on breach of the duty of fair representation. *See generally Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). *See also Seeley v. GMC,* 526 F.Supp. 542 (E.D. Mich.1981).

1. Plaintiff has denominated the said defendant as Guardian Guard Services. In fact, defendant is named Guardian Protective Services. *See* docket entry # 5, p. 1 of motion to dismiss for failure to state a claim. In this opinion, the Court will either use the term "Guardian" or the correct denomination, Guardian Protective Services.

2. *See* 29 U.S.C. § 185. The section 301 claim against the company is based on a pure breach of the collective bargaining agreement claim.

3. *See Castorr v. Brundage,* 674 F.2d 531 (CA 6, 1982); *Westwood Chemical Co. v. Kulik,* 656 F.2d 1224 (CA 6, 1981). *See also Culbertson v. IRS,* 555 F.Supp. 1290, 1293 (E.D.Mich.1983).

Plaintiff, however, contends that the catchall MCLA § 600.5805(8) three-year limitation applies. In this respect, plaintiff contends that the arresting security guards acted negligently. Since § 600.5805(8) applies to general negligence claims, plaintiff argues that this case is not time barred.

In resolving the statute of limitations issue, the court concludes that the case of *Kilgore v. City of Mansfield*[4] is controlling. In *Kilgore,* the plaintiff filed a section 1983 action against the City of Mansfield and an individual police officer alleging that the police officer—acting pursuant to police custom—had arrested her without a valid reason and then had caused a frivolous criminal charge to be filed against her.

Because section 1983 does not contain a statute of limitations, it is necessary to borrow a state statute of limitations.[5] The *Kilgore* court held that the appropriate statute of limitations was the Ohio state statute of limitations most resembling the claim asserted by plaintiff in her section 1983 action. The *Kilgore* court held that the most analogous Ohio torts were false arrest and malicious prosecution.[6] Accordingly, the state statute of limitations covering these torts was applied.

*Kilgore* is a signal that Sixth Circuit district courts must scrutinize carefully the factual nature of plaintiff's claimed constitutional tort. The claim must then be matched with the state tort made up of the most similar set of facts. The state torts statute of limitations must then be applied to the section 1983 constitutional tort.

After *Kilgore,* this Court is not authorized to apply the general negligence statute of limitations. Like *Kilgore,* this case involves a false arrest. And like *Kilgore,* the appropriate statute of limitations with respect to the false imprisonment portion of

plaintiff's section 1983 claim is the false imprisonment statute of limitations. This statute of limitations, found at MCLA § 600.5805(2) is two years. Since the false arrest at issue occurred more than two years before this lawsuit was filed, the false imprisonment portion of plaintiff's claim must be dismissed.

As has been pointed out, the complaint also alleges that defendant Guardian Protective Services and defendant Wallich Lumber have defamed plaintiff by publishing that plaintiff stole goods from his then employer, defendant Wallich Lumber. The complaint alleges that defendants "continue to"[7] defame plaintiff. Since this is an alleged continuing violation, it cannot be time barred. The applicable statute of limitations is the Michigan defamation statute of limitations—MCLA § 600.5805(7)—which is one year. But since the defamation allegedly is continuing, the defamation portion of the complaint is not time barred.

■ The next issue that the Court will consider involves the section 1983 "under color of state law" requirement.[8] This issue will first be considered in connection with defendant Guardian Protective Services.

Plaintiff alleges that defendant Guardian Protective Services, a private guard company, violated section 1983 in effectuating plaintiff's arrest. This raises the issue of whether a private security guard acts under color of state law in detaining a person and then coercing that person into accompanying the guard to a police station.

As might be expected, this is a fairly significant practical section 1983 issue, but unfortunately the Sixth Circuit has not yet issued an opinion on the private guard section 1983 question. That Circuit has, however, recently spoken on the general issue

---

4. *See Kilgore v. City of Mansfield,* 679 F.2d 632 (CA 6, 1982).

5. *See id.*

6. *See id. See also* the interesting recent Tenth Circuit case adapting the *Kilgore* approach. *Garcia v. University of Kansas,* 702 F.2d 849 (CA 10, 1983).

7. *See* ¶ 25 of complaint at docket entry # 1.

8. 42 U.S.C. § 1983 applies to persons acting "under color of any statute, ordinance, regulation, custom, or usage of any State . . ." *See generally* Whitman, *Constitutional Torts* 79 Mich.Law Rev. 1 (1980); *Wilkerson v. Johnson,* 699 F.2d 325 (CA 6, 1983).

of the required state action nexus between a private company and the government. In *Hodges and Carter v. Metts,*[9] the Sixth Circuit held that a private apartment building, financed under a mortgage insured by the federal government, does not engage in state action where it evicts tenants. The *Hodges* court declared that state action exists where there is a sufficiently close nexus between the government and the private party such that the private party's action can be said to be that of the government.[10]

In applying *Metts* to the instant case, it first must be pointed out that *Metts* deals with the issue of state action rather than under color of state law issue. But as the Supreme Court recently noted in *Rendell-Baker v. Kohn,*[11] the two terms essentially refer to the same concept. It thus is appropriate here to apply the *Metts* principle.

Here, plaintiff alleges that defendant Guardian Protective Services employees detained plaintiff on the basis of their security guard status. Plaintiff also alleges that he was coerced by the drawn guns of the security guards. Plaintiff alleges that—against his will—he was led to the police station.

But *nowhere* does plaintiff allege that the police had anything to do with the arrest. And this distinguishes this case from the line of cases [12] where security guards have been viewed as state actors. In these cases, the decisive fact is that the security guards were parties to agreements with local police forces whereby the security guards detained persons under agreed upon police department procedures and directions.

■ Here plaintiff has not alleged a conspiracy or any other type of arrangement between the police and defendant Guardian. Thus, the false imprisonment portion of the section 1983 claim against defendant

Guardian is dismissible on the basis of the under-color-of-state law and state-action defense. This is true with respect to both defendant Guardian and defendant Wallich Lumber. The alleged defamation occurred subsequent to the arrest. Plaintiff has not come close to alleging that the government conspired with defendants or otherwise arranged the defamation. Accordingly, the defamation portion of the section 1983 claim must be dismissed.

As will be shown here, the section 1983 claim is dismissible on any one of these different theories. The first theory has been set out above. Under this theory, (1) the false imprisonment portion of the section 1983 claim is dismissible because of either the statute of limitations or the lack of state action, and (2) the defamation claim is dismissible because of a lack of state action.

■ The Court will now set out the second theory by which this complaint must be dismissed. Under this theory, the false imprisonment portion of the section 1983 claim is dismissed on the basis of the section 1983 rule against respondeat superior liability. In this respect, it is noted that plaintiff was detained by Guardian employees, Messrs. Santimore and Pfeiffer. Plaintiff does not allege that defendant Guardian—by policy, custom or otherwise—participated in the detention. In other words, the claim against defendant Guardian is grounded on the action of Guardian's agents Santimore and Pfeiffer.

The Sixth Circuit has held unequivocally that respondeat superior liability is not actionable under section 1983.[13] In light of this, the respondeat superior false imprisonment portion of the section 1983 claim should be dismissed.

**9.** *Hodges & Carter v. Metts,* 676 F.2d 1133 (CA 6, 1982).

**10.** *See id.*

**11.** *See Rendell-Baker v. Kohn,* —— U.S. ——, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

**12.** *See e.g., El Fundi v. Deroche,* 625 F.2d 195 (CA 8, 1980); *Duriso v. K Mart,* 559 F.2d 1274 (CA 5, 1977).

**13.** *See Dunn v. State of Tennessee,* 697 F.2d 121 (CA 6, 1983); *Hayes v. Jefferson County,* 668 F.2d 869 (CA 6, 1982).

Thus, under the second possible theory of dismissal of the section 1983 claim, the false imprisonment portion of the claim is dismissed by way of the respondeat superior rule. And the defamation portion of the section 1983 claim would be dismissed under the rule enunciated in the Supreme Court's *Paul v. Davis*[14] decision. In invoking *Paul,* it must be recalled that the underlying constitutional violation asserted by the section 1983 defamation plaintiff is denial of procedural due process. The defamation plaintiff alleges that his "liberty" was deprived without due process of law.

In *Paul,* the Supreme Court squarely held that there is no Fourteenth Amendment liberty interest in freedom from governmental defamation.[15] In light of *Paul,* the plaintiff cannot claim that the alleged defamation violated the procedural due process clause of other constitutional provision. Thus, an alternative theory for dismissing plaintiff's section 1983 claim is: (1) the false imprisonment portion of the claim should be dismissed by reason of the rule against respondeat superior liability, and (2) the defamation portion of the section 1983 claim should be dismissal under *Paul v. Davis.*

And finally, a third theory of dismissal of the section 1983 claim flows from the famous Supreme Court case of *Parratt v. Taylor.*[16] *Parratt* pertains to procedural due process claims. *Parratt* holds that "due process" is satisfied as to such claims where the state affords an adequate tort remedy.

In the third theory of dismissal, *Parratt* cannot be applied to the false imprisonment portion of plaintiff's section 1983 claim. This is because the constitutional basis of this claim is the due process incorporated Fourth Amendment which protects against invalid arrests. *Parratt* is not applicable to constitutional torts based on the due process incorporation of Bill of Rights provisions. Thus, *Parratt* is not applicable to the false imprisonment portion of plaintiff's section 1983 claim. Clearly, however, the false imprisonment Fourth Amendment claim can be dismissed under either the *Kilgore* statute of limitations theory or the respondeat superior theory discussed earlier in this opinion.

This leaves the defamation portion of the section 1983 claim. This aspect of the claim is based on procedural due process. Plaintiff is not alleging that the defamation claim is incorporated into the due process by way of a Bill of Rights provision. Instead, plaintiff alleges that defamation is included within the term "liberty" in the due process. Plaintiff thus alleges that the defamation denied him liberty without due process of law.

*Parratt* definitely applies here. Under *Parratt,* the state did satisfy due process as to the defamation portion of the section 1983 claim. This conclusion follows from the fact that the state of Michigan recognizes the tort of defamation and no immunity prevents plaintiff from asserting this tort claim against defendant Guardian or defendant Wallich. In short, defamation was an available state tort remedy as to the defamation portion of the section 1983 claim. Thus, *Parratt* mandates dismissal of this portion of the section 1983 claim.[17] To summarize under the third theory of dismissal: (1) the false imprisonment portion of the section 1983 claim is dismissed under the *Kilgore* statute of limitations theory or the respondeat superior theory, and (2) the defamation portion of the section 1983 claim is dismissed under *Parratt v. Taylor.*

In conclusion, the Court has determined that, on the basis of any of the three theo-

**14.** *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

**15.** *See id.* at 712, 96 S.Ct. at 1165.

**16.** *See* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). This Court has narrowly construed *Parratt* in prior decisions. *See e.g., Clark v. Department of Corrections,* 555 F.Supp. 512 (E.D.Mich.1983). Here, however, the *Parratt* decision forecloses plaintiff's claim. Plaintiff's very complaint speaks in terms of state torts. The availability of the same tort remedies is all that *Parratt* requires for denial of liberty claims. *See generally* discussion in text.

**17.** *See Kumar v. Marion County Common Pleas Court,* 704 F.2d 908 (CA 6, 1983).

ries discussed above, the section 1983 claim must be dismissed. Thus, defendant Guardian's motion to dismiss is GRANTED, and the said defendant is eliminated from this case. Furthermore, the section 1983 claim against defendant Wallich Lumber is dismissed.

## III TAFT HARTLEY SECTION 301 CLAIMS AGAINST REMAINING DEFENDANTS

Remaining in this case are Taft Hartley section 301 claims against defendants Wallich Lumber and Teamsters Local 458. The Court is eager either to decide the section 301 claims on the basis of a summary judgment motion or bring this case to trial. The defendants are thus invited to consider the various section 301 summary judgment theories such as: exhaustion of intra-union appellate remedies; *Vaca v. Sipes*[18] arbitrary, discriminatory or bad-faith test; statute of limitations.[19]

If defendants intend to file a motion for summary judgment, they must do so in accordance with the following schedule:

| | |
|---|---|
| Discovery cut-off date: | September 21, 1983. |
| Pretrial motions cut-off date: | October 17, 1983. |
| Joint pretrial statement due: | November 11, 1983. |
| Final pretrial conference date: | November 18, 1983; 2:00 p.m. |
| Trial date: (non-jury) | November 28, 1983; 8:30 a.m. |

## IV CONCLUSION AND ORDER

For the reasons stated in the foregoing opinion, the Court hereby GRANTS the motion to dismiss filed by defendant Guardian Protective Services. The said defendant is thus dismissed from this lawsuit. Furthermore, the Court, *sua sponte*, dismisses the 42 U.S.C. § 1983 claim against defendant Wallich Lumber. Accordingly, the 42 U.S.C. § 1983 claim is hereby dismissed from this case.

18. *See Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

19. In this respect, however, defendant must note that the recent *Badon* six-month section

The parties are advised that the Court expects strict compliance with the schedule set out in Part III of this Opinion.

IT IS SO ORDERED.

301 statute of limitations cannot be applied retroactively. *See Pitts v. Fritolay,* 700 F.2d 330 (CA 6, 1983).