**John A. LEITHAUSER for himself, and on behalf of all others similarly situated, Plaintiffs,**

v.

**CITY OF MADISON HEIGHTS; Ben Mundy d/b/a Mundy Towing; New England Management & Realty, Inc.; Russell Pearce; and Mr. Gale, Defendants.**

Civ. A. No. 83–1210.

United States District Court,
E.D. Michigan, S.D.

Jan. 20, 1984.

Thomas H. Oehmke, Detroit, Mich., for plaintiffs.

Thomas Beeby and Kenneth Zorn, Detroit, Mich., for City of Madison Heights.

Dennis D. Alberts, Troy, Mich., for Ben Mundy.

Martin C. Van Houzen, Jr., Birmingham, Mich., for New England.

## MEMORANDUM OPINION

FEIKENS, Chief Judge.

This is a 42 U.S.C. § 1983 action in which plaintiff claims various deprivations of constitutional rights.[1] Defendants move for dismissal based on statute of limitations. Jurisdiction is conferred pursuant to 28 U.S.C. § 1331.

### I. BACKGROUND

Plaintiff John Leithauser was a resident of Oakland Mall Apartments during times relevant to this matter. On April 2, 1980,

---

1. Leithauser's 42 U.S.C. § 1985 count in this action was dismissed for reason of failure to identify a protected class by ruling from the bench during hearing on this matter on November 22, 1983.

Leithauser's pickup truck was parked in the apartment parking lot and had expired license plates. The leasehold agreement between Leithauser and the apartment's alleged owner, New England Management & Realty, Inc. ("New England"), provided that unlicensed vehicles would be removed from the parking lot. In order to enforce this provision, New England's agent called co-defendant Ben Mundy Towing and arranged to have Leithauser's unlicensed vehicle removed. Mundy Towing towed Leithauser's truck to a parking area leased from and operated for co-defendant City of Madison Heights.

Upon learning of these events, Leithauser went to the impoundment lot and attempted to take possession of his truck. Mundy Towing's agent refused to allow Leithauser to take the truck, and closed the lot's gate to prevent Leithauser from driving the truck out. Not to be dissuaded, Leithauser proceeded to drive the truck through the closed gate—an action which caused some damage to the gate. Mundy Towing promptly filed a criminal complaint against Leithauser for the alleged malicious destruction of the gate. An arrest warrant was issued against Leithauser by the 43rd District Court for the State of Michigan for violation of the Madison Heights Municipal Code. Leithauser alleges that he contacted the Madison Heights Prosecutor in regard to the arrest warrant and was told that criminal charges would be dropped if Leithauser would agree to pay Mundy Towing $25.00 for the damage to the gate.

In response to the above recited events, Leithauser filed this § 1983 action alleging deprivation of property without due process, false imprisonment (by closing the parking lot gate to prevent the removal of his truck), malicious prosecution and abuse of process. Defendants here move for summary judgment claiming that this action is barred by statute of limitations. For reasons stated, defendants' motion for summary judgment is granted.

## II. DISCUSSION

The only issue before the court is whether a two-year or three-year statute of limitations is applicable to this case. It is basically conceded that the cause of action accrued on April 2, 1980,[2] and that the action was filed on April 1, 1983. Thus, the action may proceed if governed by a three-year statute of limitations, and is barred if governed by a two-year limitation.

Congress did not enact a statute of limitations for actions brought under 42 U.S.C. § 1983, and thus federal courts must apply the state statute of limitation most analogous to the asserted claim. *Dunn v. Tennessee*, 697 F.2d 121 (6th Cir.1982); *Mason v. Owens-Illinois, Inc.*, 517 F.2d 520 (6th Cir.1975). Defendants argue that the Michigan statute of limitations most analogous to the claim asserted in this action is the two-year limitation period applicable to actions for false arrest and malicious prosecution. M.C.L.A. § 600.5805(2) and (3). Plaintiff contends that the most analogous limitation is the three-year statute applying to general injuries to person and property. M.C.L.A. § 600.5805(8).

Sixth Circuit precedent in this area is less than clear. In some cases the court has looked to the common law claim underlying the § 1983 claim (i.e., false arrest, malicious prosecution, assault and battery, etc.) and has borrowed the statute of limitations applicable to the most analogous common law tort. In other cases the court has implied that all such underlying claims are nothing more than individual incidences of deprivations of civil rights, and that all such deprivations are injuries to the person for which Michigan's general three-year statute of limitations is most analogous.

---

**2.** Leithauser argues that because the warrant for his arrest remains outstanding, the cause of action for his malicious prosecution action has not accrued. However, if Leithauser is to rely on malicious prosecution precedent for this purpose, he must also be bound by the common law requirement that the complained of prose-

cution must terminate in his favor before he may recover for malicious prosecution. *Moore v. Michigan National Bank*, 368 Mich. 71, 117 N.W.2d 105 (1962). Thus, if Leithauser is to argue that the cause of action has not yet accrued, he must also recognize that the action has not yet ripened.

More specifically, in *Krum v. Sheppard*, 255 F.Supp. 994 (W.D.Mich.1966), *aff'd*, 407 F.2d 490 (6th Cir.1967), the plaintiff filed a § 1983 complaint based upon an underlying action which sounded in tort as false imprisonment and filing a false complaint. However, in determining the most analogous state statute of limitations, the court applied the general "injuries to the person" limitation period, stating:

A deprivation of civil right may, of course, involve an injury to property. However, even in a civil rights action where property has been damaged, the basis of the civil rights action is still the violation of personal rights. Indeed, if an injury to property were all that was involved, the plaintiff would be left to an action for trespass in the state courts. Nonetheless, having decided to bring this action under the Civil Rights Act, the rights which the plaintiff claims were violated are in their very nature personal rights. Moreover, in each Count of his complaint, plaintiff charges the defendants with conduct violative of the rights, privileges, and immunities secured to him under the Constitution of the United States. This indicates quite clearly that the plaintiff's claim must be for "injuries to the person" within the ordinary meaning of that term.

*Id.* at 997. This rationale has been recognized and reaffirmed by the Court of Appeals on several different occasions. *Madison v. Wood*, 410 F.2d 564 (6th Cir.1969); *Marlowe v. Fisher Body*, 489 F.2d 1057 (6th Cir.1973). Based upon this precedent, a number of judges in the Eastern District of Michigan have come to the conclusion that Michigan's three-year limitation for general injuries to the person will be applied to all § 1983 cases without regard to the underlying cause of action. *Kurzawa v. Mueller*, 545 F.Supp. 1254 (E.D.Mich. 1982); *Abshier v. Tichvon*, 500 F.Supp. 444 (E.D.Mich.1980); *Gordon v. Warren*, 415 F.Supp. 556 (E.D.Mich.1976), *rev'd on other grounds*, 579 F.2d 386 (6th Cir.1978).

In other cases the Court of Appeals has clearly indicated that it will look to the common law action underlying the § 1983 action to determine the most analogous statute of limitation. In *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir.1968), the court noted that the underlying action was one for malicious prosecution and false imprisonment, and therefore applied the Michigan two-year statute of limitations for actions of that sort. The Court of Appeals has since employed this same approach and applied the statute of limitations for malicious prosecution and false arrest in cases applying Ohio law, *Kilgore v. Mansfield*, 679 F.2d 632 (6th Cir.1982); *Austin v. Brammer*, 555 F.2d 142 (6th Cir.1977); and Kentucky law, *Carmicle v. Weddle*, 555 F.2d 554 (6th Cir.1977).

The Court of Appeals has offered some explanation of their varied rulings in this area. In *Madison v. Wood, supra*, the court stated:

For instance, in Mulligan v. Schlachter, 389 F.2d 231 (6th Cir.1968), Plaintiff alleged as a cause of action under Section 1983 an unlawful arrest and search by police officers. This Court "look[ed] to the most analogous statute of limitations of the state where the cause of action arose" and held that Plaintiff's claim was barred under a two-year Michigan statute of limitations applicable to "actions charging false imprisonment, malicious prosecution, or misconduct of sheriffs and their deputies." On the other hand, in Crawford v. Zeitler, 326 F.2d 119 (6th Cir.1964) this Court applied a general Ohio statute because Plaintiff's complaint alleged tortious conduct that was broader than and not analogous to the specific "tort[s] described in [these statutes]," that is, malicious prosecution and false imprisonment.

410 F.2d at 566. This clearly indicates that courts are required to scrutinize § 1983 claims to determine whether they have an underlying action directly analogous to a common law tort action.

While the opinions in *Kurzawa, Abshier*, and *Gordon* make a compelling case for applying Michigan's general three-year

statute of limitations to all § 1983 actions without regard to the underlying tort action, the Court of Appeals has apparently not adopted such a rule. As recently as 1982, the Court of Appeals continued to apply the statute of limitations for malicious prosecution and false imprisonment to actions such as this. *Kilgore, supra.*[3]

 Many courts and commentators have been troubled by the apparent ease with which otherwise non-federal tort actions (i.e., those not predicated upon specifically protected constitutional or statutory rights) can be converted into § 1983 actions by merely claiming that such actions are violative of due process rights. *See* Judge Joiner's thoughtful treatment of this issue in *Barnier v. Szentmiklosi*, 565 F.Supp. 869 (E.D.Mich.1983). Though the Sixth Circuit has not articulated its rationale, it may be that by looking to the underlying tort cause of action in cases such as this, it is deferring to state law at least so far as to apply the state's statute of limitations to what would otherwise be a state matter. Regardless of the rationale, I have no choice but to conclude that the law in this circuit requires courts to look to the common law action which underlies a § 1983 claim to determine the most analogous statute of limitations, and to apply that limitation to the § 1983 action.

The essence of Leithauser's action in this case is predicated upon claims of malicious prosecution and false imprisonment. There is no doubt but that the most analogous state statute of limitations in this case is Michigan's two-year limitation under M.C.L.A. § 600.5805(2) and (3). In addressing this same issue under Ohio law, the court in *Kilgore* stated:

> The district court, in its March 4, 1981 opinion, rejected Kilgore's argument based on Ohio Rev.Code § 2305.07 as

overlooking the fact that "[o]n its face, section 2305.11 provides 'the most closely analogous' limitations for the factual predicate of plaintiff's complaint" since it "explicitly identifies claims for malicious prosecution and false imprisonment as subject to a one-year period of limitation."

679 F.2d at 634. In that Leithauser's cause of action for malicious prosecution and false imprisonment arose more than two years before the filing of this action, his § 1983 action based upon those underlying claims is barred by statute of limitations, and is therefore dismissed.

The parties shall submit an appropriate order consistent with the terms of this opinion.

---

**3.** Plaintiff would distinguish *Kilgore, Austin,* and *Carmicle* from the instant case because those cases were looking to the law of Ohio and Kentucky, rather than Michigan, to determine the most analogous state statute of limitations. This distinction is not compelling. These decisions set out the method to be used in determining the most analogous state statute, and that method would be equally applicable in any Sixth Circuit state. This is demonstrated by the fact that the court cited a Michigan case, *Mulligan, supra,* for the proposition that Kentucky's statute of limitations for false arrest and malicious prosecution provided the most analogous limitation for a § 1983 action arising in Kentucky. *Carmicle,* 555 F.2d at 555.