802 F.2d 461
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ELMER WINTERS, Plaintiff-Appellant
v.
GEORGE VOINOVICH; REGINALD TURNER; WILLIAM T. HANTON,
Defendants-Appellees.
 No. 85-3566.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1986.
 
 1
 BEFORE: KEITH and MERRITT, Circuit Judges; and CONTIE, Senior Circuit Judge
 
 ORDER
 
 2
 The appellant is appealing the June 11, 1985, order of the district court denying his motion for rehearing. He is also appealing the May 31, 1985, order of the district court denying his motion to proceed in forma pauperis and dismissing his complaint as frivolous because it had not been brought within the Ohio two year statute of limitations. Ohio Revised Code Ann. Sec. 2305.10.
 
 
 3
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 This action filed pursuant to 42 U.S.C. Sec. 1983 was brought by filing a pro se complaint in the United States District Court while the appellant was incarcerated at the Lima Correctional Facility. The appellant states that he has been incarcerated since the time of his arrest in this case.
 
 
 5
 The appellant alleges that he was unlawfully and illegally arrested by the appellees. His complaint notes as follows:
 
 
 6
 Plaintiff came down to Justice Center on the request of white detectives of the Cleveland Police to be questioned about a crime that was committed in the City of Cleveland. Plaintiff arrived at police station with his attorney. Plaintiff on February 14, 1980 was placed in a line up to be viewed by Sandy McPeak a rape victim. Plaintiff was not identified in the line up. Police Detectives arrested me after the line up and said he was going to put any rape he can on me. Plaintiff ask his attorney how could he be arrested for rape and kidnapping of Sandy McPeak when Sandy McPeak told both detectives and police and my attorney that Plaintiff did not rape or kidnap her. Plaintiff was subject to unlawful and illegal arrest and false imprisonment by white detectives that arrested him without probable cause violating plaintiff's civil and constitutional rights under color of state law which was illegal seizure.
 
 
 7
 The appellant brings this action against George Voinovich, the mayor of Cleveland; Reginald Turner, the safety director; and William T. Hanton, the police chief. He seeks $50,000.00 in compensatory and punitive damages. He alleges a disability in bringing the complaint due to his incarceration in the Lima Correctional Facility. Ohio Revised Code Ann. Sec. 2305.16.
 
 
 8
 The district court held that this Section 1983 action was time-barred by the Ohio two year statute of limitations, and dismissed the action as frivolous according to the provisions of 28 U.S.C. Sec. 1915(d). Ohio Revised Code Ann. Sec. 2305.10; Wilson v. Garcia, 105 S.Ct. 1938 (1985).[1]
 
 
 9
 The appellant filed a timely motion for rehearing or to alter or amend filings pursuant to Federal Rules of Civil Procedure 59(e). He claimed he was under a disability because of his imprisonment. Ohio Revised Code Ann. Sec. 2305.16 provides as follows:
 
 
 10
 Unless otherwise specifically provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time of the cause of action accrues * * * imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed. * * *
 
 
 11
 After the cause of action accrues, if the person entitled to bring such action becomes of unsound mind * * * or is confined in an institution or hospital under a diagnosed condition or disease which renders him of unsound mind, the time during which he is of unsound mind * * * or so confined shall not be computed as any part of the period within which the action must be brought.
 
 
 12
 The district court did not discuss the disability statute but endorsed the order denying the motion for rehearing.
 
 
 13
 The allegations of the complaint must be accepted as true, Hughes v. Rowe, 449 U.S. 5, 10 (1980) (per curiam), and the pro se pleading must be read liberally. Boag v. MacDougall, 454 U.S. 364 (1982) (per curiam). Thus, the appellant's claim of disability must be taken as true.
 
 
 14
 Austin v. Brammer, 555 F.2d 142 (6th Cir. 1977) (per curiam), is a similar case in which the plaintiff brought an action against police officers alleging that they violated his civil rights by giving perjurious testimony in a state criminal action which resulted in a conviction. The district court dismissed the complaint because it was not filed within the one year period provided by Ohio Revised Code Ann. Sec. 2305.11. This Court held that where plaintiff had alleged that he was in custody at all relevant times the dismissal of the complaint without evidentiary hearing or appropriate factual finding was inappropriate. Id. at 143. The case was therefore remanded. Thus, Austin v. Brammer clearly requires a remand.
 
 
 15
 Accordingly, it is ORDERED that the district court judgment be vacated and the case is remanded for further proceedings consistent with this order. Rule 9(d)(4), Rules of the Sixth Circuit.
 
 
 
 [1]
 It is noted that this Court has recently held that the statute of limitations for 1983 actions alleging unlawful arrest is one year. Mulligan v. Hazard, 777 F.2d 340 (6th Cir. 1985)