914 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack Russell HALLER, Plaintiff-Appellant,
v.
Donald BORROR, Alphonse Montgomery, Dwight Joseph, David A.
Dailey, Robert Snyder, Dennis Matco, O'Reeta Reed, Michael
See, Bruce Koenig, the City of Columbus, Ohio, David
Johnson, Daniel Abraham, Michael Miller, Defendants-Appellees.
 No. 89-4004.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1990.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Jack Russell Haller, through counsel, appeals the district court's judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983 and Sec. 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Haller sued several local, county, and federal officials, as well as a private citizen, alleging violations of various constitutional rights. Haller also alleged several pendent state claims. The district court dismissed Haller's federal claims as barred by the statute of limitations and subsequently dismissed the pendent state claims. Haller filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court properly dismissed Haller's claims, as it appears beyond doubt that Haller can prove no set of facts which would entitle him to relief. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). The two year statute of limitations set forth in Ohio Rev.Code Sec. 2305.10 applies to Haller's claims filed under 42 U.S.C. Sec. 1983 and Sec. 1985. Browning v. Pendleton, 869 F.2d 989, 990 (6th Cir.1989) (en banc). The district court properly determined that the latest date Haller could have "discovered" his cause of action was February 26, 1987, see Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987); therefore, the statute of limitations had expired by the time Haller filed suit on June 21, 1989. Since Haller has not alleged that he was being held in a county jail or the Ohio correctional system prior to trial, Ohio's tolling statute, Ohio Rev.Code Sec. 2305.16, does not apply. See Austin v. Brammer, 555 F.2d 142, 143 (6th Cir.1977). Lastly, the district court properly dismissed Haller's pendent state claims. See Foster v. Walsh, 864 F.2d 416, 419 (6th Cir.1988).
 
 
 4
 Accordingly, we affirm the district court's judgment for these reasons and those set forth in the district court's order filed on October 18, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.